IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **SAMUEL F. COOPER,**<br>*Plaintiff,*<br>**v.**<br>**TRUIST BANK,**<br>*Defendant.* | **CIVIL ACTION NO. 3:26-cv-00073-TES** |

**ORDER**

On June 25, 2026, Defendant Truist Bank filed a Motion to Dismiss, or in the Alternative, Stay Plaintiff Samuel F. Cooper's Case pursuant to the *Colorado River* abstention doctrine. [Doc. 5].

**BACKGROUND**

Plaintiff initiated this action by filing a Complaint ("First Action") in the Superior Court of Morgan County, Georgia against Defendant Truist on March 13, 2024. *See* [Doc. 1-1]. The Complaint asserts various causes of action from Plaintiff's home equity line of credit ("HELOC") with Truist. *Id.* Specifically, Plaintiff alleges the following: (1) that the loan was not "legally closed" because it was not closed by an attorney [*Id.* at pp. 9, 12]; (2) that the interest rate on the HELOC allegedly violates the Home Ownership and Equity Protection Act ("HOEPA") [*Id.* at pp. 7, 11]; (3) that various terms of the HELOC were not properly disclosed in violation of the Real Estate Settlement

Procedures Act ("RESPA") and the Truth in Lending Act ("TILA") [*Id.* at p. 11]; (4) that Truist further violated RESPA by allegedly "inflating costs" and failing to properly respond to his Qualified Written Request [*Id.* at pp. 9–11]; (5) that the Security Deed was improperly transferred to a different property from the one it initially encumbered, in violation of an order from his divorce case [*Id.* at pp. 6–7, 12]; and (6) that Truist violated federal bankruptcy law by "claiming a debt that is not legally secured by the property." [*Id.* at p. 11]. The Complaint also requests that the "loan be deemed void" and seeks "reimbursement damages." [*Id.* at p. 18].

Plaintiff filed an Amended Complaint on March 7, 2025. [Doc. 1-5, p. 152–172]. It includes the same claims as the original Complaint regarding violations of the HOEPA, TILA, and RESPA, as well as violations of bankruptcy laws, the alleged improper closing of the loan, and the same allegations regarding the transfer of the Security Deed to a different property in violation of Plaintiff's divorce case. [*Id.* at p. 154, 156, 158, 161–163, 170]. Additionally, the Amended Complaint adds allegations regarding Plaintiff's attempted service on Truist and alleges that Truist is in default. [*Id.* at p. 152–54, 163]. And, the Amended Complaint asked for the loan to "be deemed void" and seeks "reimbursement damages." [*Id.* at p. 171].

On May 9, 2025, while the First Action was still pending and before serving Truist in the First Action, Plaintiff filed another lawsuit ("Second Action") against

Truist in the Superior Court of Morgan County, Georgia.[1] *See* [Doc. 6-1]. The Complaint filed in the Second Action asserts the same claims as the First Action arising from the same HELOC. The Second Action asserts that the loan was not "legally closed" and was improperly transferred to a second property [Doc. 6-1 at pp. 1, 4], that the loan allegedly violates HOEPA [*Id.* at pp. 3, 6], that Truist allegedly failed to provide disclosures required by TILA and RESPA [*Id.* at pp. 5, 6], that Truist allegedly inflated costs and failed to respond to a Qualified Written Request in violation of RESPA [*Id.* at pp. 6, 7], that the loan allegedly violates an order from Plaintiff's divorce case [*Id.* at p. 1], and that Truist allegedly violated federal bankruptcy laws by claiming a debt that is not legally secured by the property [*Id.* at pp. 6–7]. As with the First Action, the Second Action asks for "the loan [to] be deemed void and reimbursement damages." [*Id.* at p. 13].

On May 19, 2026, the Superior Court of Morgan County ordered Plaintiff to properly serve Truist within thirty (30) days. [Doc. 1-7, p. 98]. Plaintiff served Truist with the First Action on May 21, 2026. [*Id.* at p. 100]. On June 18, 2026, Truist removed the First Action to this Court. [Doc. 1]. Prior to Truist's removal of this case, Plaintiff filed multiple motions seeking to consolidate the First Action and the Second Action, or,

---

[1] The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). In this case, the Court finds it appropriate to take judicial notice of the second lawsuit filed by Plaintiff in the Superior Court of Morgan County, Georgia, Case No. 2025-SU-CA-138.

alternatively, to stay the Second Action until the First Action was resolved. [Doc. 1–7 at p. 90]. In these filings, Plaintiff asserted that "[t]he claims in both cases arise from the same facts" and involve the "same parties," the "same loan transaction," the "same wrongful foreclosure," and the "same damages." [*Id.*].

## LEGAL STANDARD

Defendant has moved for this case to be dismissed, or in the alternative, stayed due to the *Colorado River* abstention doctrine. As such, a traditional analysis under Fed. R. Civ. Pro. 12 is not appropriate. Rather, the Court must look to when abstention is appropriate under Eleventh Circuit precedent.

Abstention is a determination that the district court "should abstain from exercising [its] jurisdiction." *Ambrosia Coal & Constr. Co. v. Morales*, 368 F.3d 1320, 1327 (11th Cir. 2004). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). District courts have a duty to adjudicate the controversies before them, and abstention "is an extraordinary and narrow exception." *Id.* (cleaned up). A pending state court case ordinarily does not bar a federal case concerning the same dispute, and the potential for conflicting adjudications, standing alone, is not enough to justify abstention. *Id.* at 816–17. In limited and exceptional circumstances, certain principles of "wise judicial administration" do permit district courts to "dismiss a federal suit due to the presence of a concurrent state proceeding." *Id.* at 818.

As a threshold matter, *Colorado River* abstention allows a federal court to stay a case only "when federal and state proceedings involve substantially the same parties and substantially the same issues." *Ambrosia Coal*, 368 F.3d at 1330. The issues and parties do not have to be identical to be substantially similar; if the standard required identical issues and parties, a party could easily circumvent abstention with creative pleading. *Id.* at 1329–30. Once a court has determined that the proceedings involve substantially similar issues and parties, the court must weigh six factors to decide whether to abstain:

(1) whether one of the courts has assumed jurisdiction over property,

(2) the inconvenience of the federal forum,

(3) the potential for piecemeal litigation,

(4) the order in which the fora obtained jurisdiction,

(5) whether state or federal law will be applied, and

(6) the adequacy of the state court to protect the parties' rights.

*Id.* at 1331. Courts may also consider "the vexatious or reactive nature of either the federal or the state litigation" as part of their abstention inquiry. *Id.* (cleaned up).

These factors and considerations are not a "mechanical checklist," and "the abstention inquiry must be 'heavily weighted in favor of the exercise of jurisdiction.'" *Id.* at 1332 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983)). No single factor is determinative, and the weight given to individual factors

may vary from case to case. *Id.* "One factor alone can be the sole motivating reason for the abstention." *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 997 (11th Cir. 2004).

**DISCUSSION**

As a threshold matter, the Court must determine whether this action and the Second Action are parallel lawsuits. Defendant argues that the instant action and the Second Action "are unquestionably 'parallel,' thereby satisfying the first threshold requirement for the application of *Colorado River* abstention." [Doc. 6, at p. 8]. "The crucial question is whether the 'similarity between the two cases is sufficient to justify the conclusion that the state court litigation will be an adequate vehicle for the complete and prompt resolution of the issue between the parties." *Deaton v. Stephens*, No. 2:23-CV-00713-RDP, 2023 WL 6131452, at *7 (N.D. Ala. Sept. 19, 2023).

In this case, both the instant action and the Second Action seemingly involve the same parties, as they were both filed by the same Plaintiff against the same Defendant. In addition, both lawsuits involve substantially the same causes of action regarding Plaintiff's HELOC with Defendant Truist. In both lawsuits, Plaintiff asserts claims based on alleged violations of RESPA, TILA, and HOEPA based on an allegedly improper interest rate, improper disclosures, and an alleged failure to respond to a Qualified Written Request. [Doc. 1-5, at pp. 158, 161–163]; [Doc. 6-1, pp. 3, 5–7]. Plaintiff also alleges that the loan was not properly closed because an attorney was not present, that

the loan violated an order from Plaintiff's divorce case, that the security deed for the loan was improperly transferred from one property to another, and that violations of federal bankruptcy laws have occurred in both cases. [Doc. 1-5, at pp. 154, 156, 158, 161, 170]; [Doc. 6-1, at pp. 1, 4, 6–7]. The relief sought by Plaintiff is also the same—the voiding of the loan along with damages. [Doc. 1-5, at p. 171]; [Doc. 6-1, at p. 13]. Plaintiff's own admissions confirm that the actions are virtually identical. His filings in the state court admit that the two actions involve the same parties, the same loan, and the same requested relief. [Doc. 1-7, at p. 90]. Given the nature of the lawsuits, any action taken in the Second Action will almost certainly have a *res judicata* effect on the action before this Court.

A comparison of the instant action and the Second Action reveal no material differences. Said another way, the two actions are practically the same lawsuit packaged in two separate vehicles. As such, it is clear to the Court that "the state court litigation will be an adequate vehicle for the complete and prompt resolution of the issue between the parties." *Deaton*, 2023 WL 6131452, at *7. The Court sees no reason why these actions would not be considered parallel for purposes of the *Colorado River* analysis.

With that preliminary issue out of the way, the Court must begin its analysis of the *Colorado River* factors as mentioned above. First, the Court must determine whether the state court has assumed jurisdiction over property. This factor only applies where there is a proceeding in rem. *Kantsepolsky v. River Shores Ass'n, Inc.*, No. 25-CV-61725,

2025 WL 3965060, at *4 (S.D. Fla. Dec. 12, 2025) (quoting *Jackson-Platts*, 727 F.3d at 1141), report and recommendation adopted, No. 25-61725-CIV, 2025 WL 3763815 (S.D. Fla. Dec. 30, 2025). "In rem matters are generally those '[i]nvolving or determining the status of a thing, and therefore the rights of persons generally with respect to that thing.'" *Id.* (quoting Black's Law Dictionary (12th ed. 2024)).

Both this action and the Second Action seek in personam damages as well as a declaration that the loan at issue is void. [Doc. 1-5, at p. 171]; [Doc. 6-1, at p. 13]. Declaring the loan void, however, would also require eliminating the corresponding Security Deed. This would logically attack Defendant's status as a title holder to real property. This would render both actions quasi in rem as the parties' rights to the property are at issue. *See Kantsepolsky*, 2025 WL 3965060, at *4. This favor necessarily factors in favor of abstention, as the state court in the Second Action has already assumed jurisdiction over the subject property. *See Tavares v. Bank of Am., N.A.*, No. 6:19-CV-1469-ORL-EJK, 2020 WL 6270821 at *10 (M.D. Fla. May 6, 2020) (concluding the first factor of the *Colorado River* analysis weighed in favor of abstention "because the state court had already asserted its jurisdiction over the Property—a review of the lengthy docket history in the State Foreclosure Action demonstrates as much").

Next, the Court must consider the inconvenience of the federal forum. Defendants and Plaintiff agree that both the federal forum and the state forum are equally convenient. [Doc. 6, at p. 12]; [Doc. 7, at p. 5]. "An analysis of the convenience of

the federal forum 'focus[es] primarily on the physical proximity of the federal forum to the evidence and witnesses.'" *Corestates, Inc. v. Phillips*, No. 1:16-CV-1170-ODE, 2016 WL 9454438, at *5 (N.D. Ga. Aug. 5, 2016) (quoting *Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1332 (11th Cir. 2004)).

The Second Action is currently pending in the Superior Court of Morgan County, which is located in Madison, Georgia. The instant action is pending in the Athens Division of the Middle District of Georgia. Athens, Georgia and Madison, Georgia are in close proximity—approximately thirty miles away from each other. Given the proximity of the two forums, this factor is neutral and does not weigh for or against abstention. *See Taveras*, 89 F.4th at 1288 (concluding that this factor "does not weigh for or against abstention because the federal and state courts are both located in Central Florida and are therefore equally convenient to the evidence and witnesses"). And, in fact, Plaintiff concedes that this factor is neutral. [Doc. 7, at p. 5].

The next *Colorado River* factor to be discussed is whether the potential for piecemeal litigation weighs in favor of abstention. When possible, the avoidance of piecemeal litigation is greatly preferred and weighs in favor of abstention. "'The single most important factor' in the *Colorado River* analysis is the avoidance of piecemeal litigation." *Baker v. Warner/Chappell Music, Inc.*, No. 14-22403-CIV, 2018 WL 1570360, at *5 (S.D. Fla. Mar. 29, 2018) (quoting *Ambrosia Coal*, 368 F.3d at 1329), *aff'd* 759 F. App'x 760 (11th Cir. 2018). This factor generally "does not favor abstention unless the

circumstances enveloping those cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious." *Id.* at. *5 (quoting *Ambrosia Coal*, 368 F.3d at 1333).

It is hard to imagine a lawsuit more likely to result in piecemeal litigation than this one. Not only do both actions concern the same claims and parties, but the state court record is over 800 pages despite Defendant being served as recently as May 2026. There are numerous motions as well as two appeals of interlocutory orders currently pending in the state court action. These facts weigh in favor of abstention, as the amount of judicial resources required from this Court to review the state court record and, if needed, weigh in on any future filings, would not be insignificant. *See Pickard v. Am. Pride Props*., LLC, No. 2:23-CV-1545-AMM, 2026 WL 674866, at *6 (N.D. Ala. Mar. 10, 2026) (concluding that this factor weighed in favor of *Colorado River* abstention, noting the plaintiff's "voluminous and lengthy filings" which "require . . . great resources to review and respond to each filing"); *Gonzalez v. Fed. Nat'l Mortg. Ass'n ("Fannie Mae")*, No. 4:17CV502-WS/CAS, 2018 WL 2709384, at *6 ("Considering Plaintiff's challenges and the propensity to seek reconsideration of court orders that are unfavorable, this factor favors abstention.").

Additionally, the Court has serious concerns about the possibility of having inconsistent judgments in both cases should they both proceed. Due to the duplicative nature of the two cases, there is a likelihood that a decision in one case would result in a res judicata effect on the other. For that reason, it would be best for a single court to

handle both cases. Plaintiff makes a confusing argument that abstention would result in piecemeal litigation because the state court lacks jurisdiction to hear Plaintiff's federal claims. [Doc. 7, at p. 5]. This, however, is simply incorrect. It is well-settled that state and federal courts have concurrent jurisdiction over RESPA, TILA, and HOEPA claims. *See Hardison v. Newrez LLC*, No. 1:25-CV-24086-LMR, 2026 WL 1019410, at *3 n.5 (S.D. Fla. Mar. 24, 2026) ("State and federal courts have concurrent jurisdiction over RESPA claims.") (citing 12 U.S.C. § 2614); *Lawrence v. Household Bank (SB), N.A.*, 505 F. Supp. 2d 1279, 1282 (M.D. Ala. 2007) (noting that "state courts have concurrent jurisdiction over TILA claims") (citing 15 U.S.C. § 1640(e)); *Owens v. Credit Suisse Sec. (USA) LLC*, No. CV 15-1485, 2015 WL 6175441, at *3 (D.N.J. Oct. 20, 2015) (noting that "Plaintiff even concedes that 'the HOEPA and TILA do provide a private right of action for which the state court has concurrent ... subject matter jurisdiction to adjudicate those claims.'")

As such, it seems clear to the Court that this factor weighs in favor of abstention. *See Taveras*, 89 F.4th at 1287 (concluding that this factor weighed in favor of abstaining until resolution of state foreclosure action because "inconsistent rulings regarding the Note and Property could create turmoil"); *Baker*, 2018 WL 1570360, at *5 (concluding that this "paramount factor" weighed in favor of abstention where there was a risk that the state and federal courts would "come to different conclusions on whether the licensing agreements are lawful"); *IOU Cent., Inc. v. Rosin*, No. 1:20-CV-2116-LMM, 2020 WL 8768602, at *8 (N.D. Ga. Nov. 20, 2020) (noting that this factor "weigh[ed] heavily"

in favor of *Colorado River* abstention where the federal case was substantially the same as a parallel state case which presented a "stark risk of contradictory conclusions" and a "serious risk" that the state court judgment "would make Plaintiff's primary claims here subject to dismissal on res judicata grounds").

The fourth factor that the Court must consider is the order in which the fora obtained jurisdiction. This factor, Defendant argues, also weighs in favor of abstention. Although the instant action was filed first, the state court only acquired jurisdiction over Defendant in May of 2026 when it was finally served. As of the date of Defendant's Motion, the only filings in the instant case have concerned propriety of service, Plaintiff's attempts to default Defendant, Plaintiff's request for consolidation, and his attempts to recuse the state court judges and set aside their orders. *See generally* [Doc. 1-7]. The Second Action, however, is comparatively much further along procedurally. Defendant was served in May 2025 in that action and has a pending motion for summary judgment. Given the fact that the Second Action is possibly nearing judgment, this factor clearly weighs in favor of abstention. *See Taveras*, 89 F.4th at 1287-88 (concluding that this factor of the *Colorado River* analysis weighed in favor of abstention where "[t]he federal case is at the initial pleading stage and no discovery has occurred, whereas the state case has included extensive discovery, motions to dismiss, motions for summary judgment, and an upcoming trial setting").

Next, the Court must consider whether state or federal law will be applied. "This

factor supports abstention in cases involving complex questions of state law that are best left to state courts." *Taveras*, 89 F.4th at 1288. "However, in instances where a case includes both state and federal claims and both courts are capable of adjudicating both types of claims, this factor does not weigh for or against abstention." *Id.* In this case, both the instant case and the Second Action assert both federal and state law claims. As such, this factor is neutral and does not weigh in favor or against abstention.

The final factor for the Court's consideration is the adequacy of the state court to protect the parties' rights. This factor "will only weigh in favor or against abstention when one of the fora is inadequate to protect a party's rights." *Taveras*, 89 F.4th at 1288. Georgia state courts are capable of deciding and often hear the federal claims at issue in both cases. *See, e.g., Oconee Fed. S&L Ass'n v. Brown*, 831 S.E. 2d 222 (Ga. App. 2019) (hearing a claim for injunctive relief involving a qualified written request (QWR) letter sent under RESPA to the lender's counsel seeking information and documents related to their home equity line of credit (HELOC)); *Fleming v. Federal Land Bank*, 306 S.E. 2d 332 (Ga. App. 1983) (the borrowers asserted TILA claims both as defenses and as a counterclaim). Both the state court and federal court can adequately protect a party's rights. Accordingly, this factor does not weigh in favor of or against abstention.

## CONCLUSION

In conclusion, most of the relevant factors of the *Colorado River* analysis clearly weigh in favor of abstention. No single factor weighs in favor of proceeding in this

Court. Therefore, the Court will exercise its considerable discretion to **GRANT** Defendant's Motion [Doc. 5] and **DISMISS** this case without prejudice so that it may be handled in the more appropriate state court forum. Additionally, the Court **DENIES as moot** Plaintiff's Motion for Preliminary Injunction [Doc. 11] and Plaintiff's Emergency Motion for Temporary Restraining Order [Doc. 12]. The Court directs the Clerk of Court to enter judgment closing this case.

**SO ORDERED**, this 4th day of August, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**